**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-12229 |
| | * | |
| AMERICAN NATURAL | * | SECTION "A" |
| ENERGY CORPORATION | * | |
| | * | CHAPTER 11 |
| DEBTOR | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR AN ORDER AUTHORIZING THE DEBTOR
TO PAY CERTAIN PRE-PETITION TAXES, LICENSES, AND FEES**

**NOW INTO COURT**, through undersigned counsel, comes American Natural Energy Corporation as Debtor and Debtor-in-Possession (hereinafter "ANEC" or Debtor"), who respectfully moves this Court for entry of an order authorizing the Debtor to pay certain pre-petition taxes as the Debtor, in its discretion, deems necessary, as well as fees, licenses and other similar charges and assessment.  In support of this Motion, the Debtor respectfully submits as follows:

**I.  JURISDICTION**

1.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O).

2.	The statutory predicates for the relief requested herein are §§ 105, 507 and 541 of Title 11 of the United States Code (the "Bankruptcy Code").

## II. BACKGROUND

3. On August 31, 2015 (the "Petition Date"), Hillair Capital Investments, L.P., C&M Contractors, Inc., REAMCO, Inc., and Bayou Fuel Marine & Hardware Supplies, Inc. (collectively, "Creditors,") filed for involuntary bankruptcy of Debtor under Chapter 11 of the Bankruptcy Code. On October 2, 2015, the Debtor filed its Consent to Entry of an Order for Relief [Docket No. 8] and the Order for Relief was entered on October 2, 2015 [Docket No. 10]. The Debtor intends to continue to operate its businesses and manage its properties as debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

## III. RELIEF REQUESTED

4. In connection with the normal operation of its businesses, the Debtor (a) incurs certain taxes, including, but not limited to use, privilege, franchise, real and personal property taxes (collectively, the "Taxes");[1] and (b) is charged certain fees, licenses, and other similar charges and assessments (collectively, the "Fees") on behalf of various taxing and licensing authorities (collectively, the "Authorities") for payment to such Authorities. The Taxes and Fees are paid either monthly, quarterly or yearly to the various Authorities. On the Petition Date, the Debtor held Taxes incurred or collected pre-petition, which have not yet been paid to the Authorities.

5. The Debtor respectfully submits that the Court should authorize the payment of the Taxes and Fees because: (a) certain of the Taxes do not constitute property of the Debtor's Chapter 11 estate; (b) substantially all of the Taxes and some of the Fees constitute priority claims that will be paid in full under a Chapter 11 plan; (c) failure to pay certain of the Taxes and

---

[1] Simultaneously with this Motion, the Debtor has filed a Motion for Authority to Pay Employees' Pre-Petition Wages, related Expenses, Benefits and Taxes requesting authority to pay any payroll taxes.

2

Fees may impact the Debtor's ability to conduct business; and (d) the Debtor's officers and directors may face personal liability if certain of the Taxes and Fees are not paid. Absent payment of these amounts, the Debtor may face serious disruptions and distractions as it seeks to reorganize.

6. Accordingly, by this Motion, the Debtor seeks authority, in its discretion, to pay the Taxes and Fees to the relevant Authorities in the ordinary course of business.

### IV. **APPLICABLE AUTHORITY**

7. Section 105(a) of the Bankruptcy Code provides that "(t)he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of § 105(a) of the Bankruptcy Code is "to assure the Bankruptcy Court's power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 2 Collier, *Bankruptcy* ¶ 105.02, at 105-4 (15th rev. ed. 1988). Thus, § 105 of the Bankruptcy Code essentially codifies the Bankruptcy Court's inherent equitable powers. *See Mgmt. Tech. Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. N.J. 1985) (court's equitable power derived from § 105).

8. Numerous courts have used their § 105 equitable powers under the "necessity of payment doctrine"[2] to authorize payment of a debtor's pre-petition obligations.

9. Where, as here, such payment is necessary to effectuate the "paramount purpose" of Chapter 11 reorganization – which is to prevent the debtor from going into liquidation and preserve the debtor's potential for rehabilitation. *In re CEI Roofing, Inc.*, 315 B.R. 50 (Bankr. N.D.Tex. 2004) (recognized that §105(a) along with another Code section can serve as the codal

---

2 This doctrine, first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C. * S.W.R. Co.*, 106 U.S. 286, 311-312 (1882), recognizes the existence of judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor.

3

authority for payment of pre-petition claims); *In re Coserv, LLC*, 237 B.R. 487 (Bankr. N.D.Tex. 2002); *In re Mirant Corp.*, 296 B.R. 427 (Bankr. N.D. 2003); *In re NVR L.P.*, 147 B.R. 126, 127-28 (Bankr. E.D. Va. 1992) (reviewing standards courts have used to allow payments pursuant to the "necessity of payment" doctrine); *In re Fin. News Network, Inc.*, 134 B.R. 732, 735-36 (Bankr. S.D.N.Y. 1991) ("Doctrine of necessity" stands for the principle that a bankruptcy court may allow pre-plan payments of pre-petition obligations where such payments are critical to the debtor's reorganization.); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989); *In re Gulf Air, Inc.,* 112 B.R. 152, 153 (Bankr. W.D. La. 1989); *accord In re Just For Feet*, 242 B.R. 821, 824 (D. Del. 1999) (collecting bankruptcy cases in which the "necessity of payment" doctrine has been utilized).

10. Moreover, under § 105(a) of the Bankruptcy Code, other bankruptcy courts have authorized the debtor in possession to pay a variety of pre-petition claims of creditors, including claims similar to the Taxes herein. *See In re Commc'ns Corp. of Am.*, 06-50410 (Bankr. W.D. La. June 7, 2006); *In re OCA, Inc.*, 06-10179 (Bankr. E.D. La. 2006) (administrative order authorizing the payment of sales and use taxes); *In re Babcock & Wilcox Co.*, No. 00-10992 (Bankr. E.D. La. 2000) (same); *In re La. Gaming Mgmt., Inc.,* No. 99-15405 (Bankr. E.D. La. 1999) (same); *In re Cajun Elec. Power Coop., Inc.*, No. 94-2763-B2 (Bankr. M.D. La. 1994) (same); *In re Campo Elecs. Appliances & Computers, Inc.,* No. 97-13057 (Bankr. E.D. La. 1997) (same).

11. The Debtor submits that the Taxes are, and some of the Fees may be, entitled to priority status pursuant to 11 U.S.C. § 507(a)(8) and thus, must be paid in full under any plan of reorganization. *See* 11 U.S.C. § 1129(a)(9)(C). Thus, the payment of the Taxes and Fees at this time only affects the timing of the payment and does not prejudice the rights of other creditors.

4

12. In addition, the Taxes and Fees may constitute so-called "trust fund" taxes which are required to be collected from third parties and held in trust for payment to the Authorities. *See, e.g., In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433-34 (2d Cir. 1985) (same). To the extent these "trust fund" taxes are collected, they may not be property of the Debtor's estate under § 541(d) of the Bankruptcy Code.[3] *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes); *In re Tap, Inc.*, 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (withholding taxes). The Debtor, therefore, may not have any equitable interest in the Taxes or Fees. Thus, the Court should grant the Motion and authorize the Debtor to pay the Taxes and Fees to the Authorities, as they come due.

13. Furthermore, if the Taxes or Fees constitute "trust fund" taxes, officers of the collecting entity may be held personally liable under some circumstances. To the extent any accrued Taxes or Fees of the Debtor are unpaid as of the Petition Date, the Debtor's officers may be subject to lawsuits during the pendency of this proceeding. Such potential lawsuits would prove extremely distracting for (i) the Debtor, (ii) the named officers whose attention to the Debtor's reorganization process is required and (iii) this Court, which might be asked to entertain various motions seeking injunctions with respect to the potential state court actions. It is in the best interests of the Debtor's estate and the reorganization policy of the Bankruptcy Code to eliminate the possibility of the foregoing distraction.

---

[3] 11 U.S.C. §541(d) provides:
Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under sub-section (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

5

14. For all the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interest of its estate.

15. Nothing in this Motion or the Order should be construed as impairing the Debtor's ability to contest the amounts of the Taxes and Fees owing to the various Authorities.

16. Notice of the filing of the Motion has been given to the Unites States Trustee, Hillair Capital Investments, L.P., and those creditors listed on the Debtor's list of creditors holding the twenty largest unsecured claims. Considering the relief requested herein, the Debtor submits no further notice is needed.

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing, but not requiring the Debtor to pay to the Taxes and Fees in the ordinary course of its business, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Jan M. Hayden*
Jan M. Hayden (La #06672)
Edward H. Arnold, III (La #18767)
Patrick H. Willis (La #36088)
**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR AMERICAN
NATURAL ENERGY CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2015, a copy of the foregoing electronically filed pleading was served via mail, facsimile, or electronic mail to all parties listed on Exhibit A attached hereto.

/s/ Jan M. Hayden
Jan M. Hayden

## **EXHIBIT A**

NO KML 892128 v1
2900009-000020

**EXHIBIT A**

# **EXHIBIT B**

ALTEC INC
619 E SECOND ST
BROUSSARD, LA 7 0518

B7B OILFIELD SERVIES., LLC
P.O. BOX 207
BROUSSARD, LA 70518

BAKER HUGHES OILFIELD OPER, INC
2929 ALLEN PARKWAY, SUITE 2100
HOUSTON, TX 77019

BASIC ENERGY SERVICES
801 CHERRY STREET, SUITE 2100
FORT WORTH, TX 76102

BAYOU FUEL MARINE & HARDWARE
PO BOX 70
LAFITTE, LA 70067

C & M CONTRACTORS INC
4932 KENAL RD
LAFITTE, LA 70067

CDM RESOURCE MANAGEMENT LTD
20405 TOMBALL PKWY, STE 700
HOUSTON, TX 77070

CENTRAL BOAT RENTALS INC
1640 RIVER RD
BERWICK, LA 70342

CONNER & WINTERS LLP
4000 ONE WILLIAMS CENTER
TULSA, OK 74172-0148

COUGAR OIL CORPORATION
52 7 BEAULLIEU DR
LAFAYETTE, LA 70508

DOUGLAS MACGREGOR
22 Cr 727
GUNNISON, CO 82130

EATON OIL TOOLS INC
P.O. BOX 1050
BROUSSARD, LA 70518-1050

EXXONMOBIL
PO Box 4707
HOUSTON, TX 77210-4707

FRANK'S CASING CREW & RENTAL TOOLS INC
PO BOX 51729
LAFAYETTE, LA 70505-1729

GOTHIC RESOURCES, INC.
C/O AMERICAN NATURAL ENERGY CORPORATION
2512 E. 71ST ST, SUITE J
TULSA, OK 74136

GREEN FIELD ENERGY SERVICES
4 0 23 AMBASSADOR CAFFERY, SUITE 200
LAFAYETTE, LA 70503

GUICHARD OPER CO INC
PO BOX 2000
CROWLEY, LA

HILLAIR CAPITAL INVESTMENTS, L.P.
345 LORTON AVE, SUITE 303
BURLINGAME, CA 94010

INTERNAL REVENUE SERVICE
1645 S 101st E AVENUE
TULSA, OK 74128

LEEDE FINANCIAL MARKETS, INC.
SUITE 1800-1140 WEST PENDER STREET
VANCOUVER, BC V6E 4G1

LOUISIANA OIL PROPERTIES
270 PARK AVENUE, 9TH FLOOR
NEW YORK, NY 10017-2014

MICHAEL PAULK & STEVEN P. ENSZ
2512 E. 71st ST, SUITE J
TULSA, OK 74136

OLEBROOK DIRECTIONAL SERVICES
312 ERGASON RD
CLEBURNE, TX 76013



PALO VERDE ACQUISITIONS, LLC
7711 EAST 111TH STREET, SUITE 121
TULSA, OK 74133



PAR III, INC
7711 EAST 111TH STREET SOUTH, SUITE 121
TULSA, OK 74133


PARKER DRILLNG OFFSHORE USA, LLC
PO BOX 842043
DALLAS, TX 75284-2043


PETROLEUM ENGINEERS, INC.
500 DOVER BLVD, SUITE 310
LAFAYETTE, LA 70503


PLATINUM PRESSURE PUMPING
2100 W LOOP SOUTH, STE 1601
HOUSTON, TX 77027


REAMCO INCORPORATION
1149 SMEDE HWY
BROUSSARD, LA 7 0518


RICHARD MULFORD
3209 S HICKORY LN W
CHANDLER, OK 74834


RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LE
502 W 6TH ST
TULSA, OK 74119-1010


ROUSTABOUTS INC
226 ROUSTABOUT ST
HOUMA, LA 7 03 63


SUMMA ENGINEERING INC
101 PARK AVE, STE 490
OKLAHOMA CITY, OK 73102-7211

ST. CHARLES PARISH  SHERIFF'S DEPARTMENT
P.O. BOX 426
HAHNVILLE, LA 70057


SECURITIES AND EXCHANGE COMMISSION
FORT WORTH REGIONAL OFFICE
BURNETT PLAZA
801 CHERRY STREET
SUITE 1900, UNIT 18
FORT WORTH, TX 76102

TCA GLOBAL MASTER FUND
19950 W COUNTRY CLUB DRIVE #101
AVENTURA, FL 33180

TERREBONNE WIRELINE SERVICES, INC.
155 PUGS COURT
HOUMA, LA 70363

TPC ENERGY LLC
PO BOX 130504
SPRING, TX 77393

TRIPOINT LLC
DEPT 381
PO BOX 4346
HOUSTON, TX 77210-4346

XPRESS SUPPLY LLC
1820 BELLE CHASSE HWY STE 107
GRETNA, LA 70056