UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-12229 |
| | * | |
| AMERICAN NATURAL | * | SECTION "A" |
| ENERGY CORPORATION | * | |
| | * | CHAPTER 11 |
| DEBTOR | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR AN ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES
FOR INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR PROFESSIONALS**

**NOW COMES** American Natural Energy Corporation (the "Debtor"), who submits this Motion for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

**BACKGROUND**

2.

On August 31, 2015 (the "Petition Date"), certain creditors of Debtor filed an involuntary petition for relief under Chapter 11 of the Title 11 of the United Sates Code (the "Bankruptcy

1

Code"). On October 2, 2015, the Debtor filed its Consent to Entry of an Order for Relief [Docket No. 8] and the Order for Relief was entered on October 2, 2015 [Docket No. 10]. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate any ongoing business, and manages its properties, affairs and assets as debtor-in-possession.

3.

The statutory predicate for the relief requested herein is contained in Bankruptcy Code §§ 105(a), 363(c), 1107(a), and 1108.

**RELIEF REQUESTED**

4.

The Debtor requests that this Court enter an order establishing certain interim compensation and expense reimbursement procedures for the professionals retained by the Debtor (the "Estate Professionals").

5.

To date, this Court has before it motions requesting the retention of the following Estate Professionals:

> Jan M. Hayden
> Baker, Donelson, Bearman,
> Caldwell & Berkowitz, PC
> 201 St. Charles Ave., Suite 3600
> New Orleans, Louisiana 70170

6.

The Debtor requests that procedures for compensating and reimbursing Court-approved Estate and Committee Professionals (collectively, the "Professionals") on a monthly basis be established, comparable to the procedures established in other large chapter 11 cases in this state. *In re The Babcock & Wilcox Company, et al.*, Nos. 00-10992 through 00-10995 "B" (Bank. E.D.

La.) (Admin. Order dated February 22, 2000); *In re Zeus Investments, LLC*, No. 11-50406 (Bank. E.D. La.) (Admin. Order dated March 30, 2011); *In re Louisiana Riverboat Gaming Partnership, et al*, Nos. 12-12013 through 12-12015, 12-12017 and 12-12019 through 12-12020 (Bank. W.D. La.) (Admin Order dated September 19, 2012); *In re New Louisiana Holdings, LLC*, No. 14-50756 (Bank. E.D. La.) (Admin. Order dated January 16, 2015). Such an order will permit the Court and all other parties to more effectively monitor the professional fees.

7.

Briefly stated, the requested procedures would require those Professionals seeking interim compensation from the estate to serve detailed invoices outlining the services rendered and expenses incurred by each Professional for the prior month, which invoices would be served upon the (a) any Unsecured Creditors' Committee, through its counsel of record, (b) the Debtor, through its counsel of record, and (c) the Office of the United States Trustee (collectively, the "Service Parties"). If there is no timely objection, the Professionals would be permitted to be paid eighty percent (80%) of the amount of fees incurred for the month, and one hundred percent (100%) of disbursements for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process approximately every one hundred and twenty (120) days at which time the Professional may seek payment of the remaining twenty percent (20%) of the fee ("the Holdback")

8.

Specifically, the Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

 (a) On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, the Professionals may submit a set of invoices (each a "Monthly Fee Statement") to the Service Parties. Each such entity receiving a Monthly Fee Statement will have ten (10) days from the date of mailing thereof to review the

Monthly Fee Statement. At the expiration of the ten (10) day period, if no objection (as described below) is made to the Monthly Fee Statement, each Professional who submitted a Monthly Fee Statement will notify the Debtor, in writing, that no objections have been filed with regard to the Monthly Fee Statement. Upon receipt of such notice, the Debtor will pay eighty percent (80%) of the fees and one hundred percent (100%) of the disbursements requested in the Professionals' respective Monthly Fee Statements. Any Professional that fails to file a Monthly Fee Statement for a particular month or months may submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements shall include the relevant time entry and description and expense detail.

(b)     In the event any of the Service Parties has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, it will, within ten (10) days of the receipt of the Monthly Fee Statement, serve upon (i) the Professional whose Fee Statement is objected to, and (ii) except to the extent duplicative of the foregoing clause (i), the other Service Parties, a written "Notice of Objection to Monthly Fee Statement," setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting Service Party or Service Parties and the Professional whose Monthly Fee Statement is objected to will attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within fifteen (15) days after receipt of such Notice of Objection to Monthly Fee Statement, the Professional whose Monthly Fee Statement is objected to will have the option of (i) filing the objection(s) together with a request for payment of the disputed amount with the court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. The Debtor is authorized and directed to to pay promptly the balance of the undisputed fees, up to eighty percent (80%), and the balance of the undisputed expenses, up to one hundred (100%) that are not the subject of a Notice of Objection to Monthly Fee Statement.

(c)     The first Monthly Fee Statement may be submitted to the Service Parties no later than November 15, 2015, and will cover the period from the Debtor's Petition Date through the end of October, 2015. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

(d)     Three (3) month intervals thereafter, each of the Professionals may file with the Court, and serve on the Service Parties, an application for interim court approval and allowance (the "Quarterly Fee Application"), pursuant to § 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses for the prior three (3) months, including any Holdbacks. The first Quarterly Fee Application may be filed on or before November 25, 2015, , and will cover the period from the Petition Date case through the end of October, 2015. Any Professional who fails to file an application when due will be ineligible to receive further interim payments of fees and expenses as provided herein until such time as the application is submitted. The Quarterly Fee Applications must include a brief description identifying: (i) the Monthly Fee Statements that are subject of the request; (ii) the amount of fee and expenses requested; (iii) the amount of fees and

4

expenses paid to date or subject to an Objection; (iv) the deadline for any party to file an objections to the Quarterly Fee Request; and (v) any other information requested by Court or required by the Local Rules. Upon approval of a Quarterly Fee Application, any Professional will be paid all interim allowed withheld amounts of approved fees and expenses for the applicable period (i.e. the 20% holdback, if applicable).

The Debtor will request that the Court schedule a hearing on the Quarterly Fee Applications at least once every three (3) months, or at such other intervals as the Court deems appropriate. Each Professional may file and serve its second Quarterly Fee Application for the period December 1, 2015 through February 28, 2016 on or before March 25, 2016 and then at every three (3) month interval thereafter.

(e)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement or Quarterly Fee Application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(f)     Neither (i) the payment of or the failure to pay, in whole or in part, Monthly Fee Statement or Quarterly Fee Application; or (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to professionals under these compensation procedures identified in this Order are subject to disgorgement until final allowance by the Court.

9.

The procedure suggested in this Motion will enable the parties to closely monitor the costs of administration and allow the Debtor to maintain a more level cash flow availability and implement efficient cash management procedures.

10.

The Debtor further requests that the Court limit the notice of hearings to consider interim applications to the Service Parties and those parties who have requested notice. Such notice should reach the parties most active in this Chapter 11 Case and will save the expense of undue duplication and mailing.

NO PHW 889855 v4
2900009-000020

11.

The Debtor further requests that each member of any Unsecured Creditors' Committee and its advisors retained under § 1103 of the Bankruptcy Code, once selected and appointed by this court be permitted to submit statements of expenses and supporting vouchers to counsel for the Unsecured Creditors' Committee, who will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

## BASIS FOR RELIEF REQUESTED

12.

Section 331 of the Bankruptcy Code provides, in pertinent part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the Court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

13.

Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

14.

As already noted, procedures for compensating and reimbursing court-approved professionals have been established in other large chapter 11 cases in this state. See, e.g., *In re JCC Holding Company, et al.*, No. 01-10086 through 01-10091, "A" (Bank. E.D. La.) (Admin. Order dated Jan. 4, 2001); *In re Forcenergy, Inc.*, No. 99-11391 "A" (Bank. E.D. La.) (Admin. Order dated July 9, 1999); *In re The Babcock & Wilcox Company, et al*, No. 00-10992, "B"

(Bank. E.D. La.) (Admin. Order dated February 22, 2000); and *In re Louisiana Riverboat Gaming Partnership, et al*, Nos. 12-12013 through 12-12015, 12-12017 and 12-12019 through 12-12020 (Bank. W.D. La.) (Admin Order dated September 19, 2012) (wherein the Court authorized procedures similar to those sought by Debtors). Such procedures are needed to avoid having professionals fund the reorganization case. *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bank. N.D. Ga. 1981) (court established procedures for monthly interim compensation); *In re New Louisiana Holdings, LLC*, No. 14-50756 (Bank. E.D. La.) (Admin. Order dated January 16, 2015). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization of the debtor." *In re Intl'l Horizons* at 897-98. The Debtor submits that the procedures sought herein are appropriate considering the above factors.

15.

The Debtor submits that the efficient administration of this Chapter 11 Case will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures. Accordingly, the relief requested is in the best interests of the Debtor, its estates, and its creditors.

16.

Notice of this Motion has been given to the parties set forth in <u>Exhibit A</u>. The Debtor submits that no further notice is necessary for this Court to enter an Order granting the relief requested by this Motion.

**WHEREFORE**, the Debtor respectfully requests entry of an order establishing procedures for interim compensation of Professionals and reimbursement of expenses of Professionals. The Debtor further prays for such other general and equitable relief as is just and proper.

Respectfully submitted,

/s/ Jan M. Hayden
Jan M. Hayden (La #06672)
Edward H. Arnold, III (La #18767)
Patrick H. Willis (La #36088)
**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR AMERICAN
NATURAL ENERGY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2015, a copy of the foregoing electronically filed pleading was served via mail, facsimile, or electronic mail to all parties listed on Exhibit A attached hereto.

/s/ Jan M. Hayden
Jan M. Hayden

NO PHW 889855 v4
2900009-000020

## **EXHIBIT A**

ALTEC INC
619 E SECOND ST
BROUSSARD, LA 7 0518

B7B OILFIELD SERVIES., LLC
P.O. BOX 207
BROUSSARD, LA 70518

BAKER HUGHES OILFIELD OPER, INC
2929 ALLEN PARKWAY, SUITE 2100
HOUSTON, TX 77019

BASIC ENERGY SERVICES
801 CHERRY STREET, SUITE 2100
FORT WORTH, TX 76102

BAYOU FUEL MARINE & HARDWARE
PO BOX 70
LAFITTE, LA 70067

C & M CONTRACTORS INC
4932 KENAL RD
LAFITTE, LA 70067

CDM RESOURCE MANAGEMENT LTD
20405 TOMBALL PKWY, STE 700
HOUSTON, TX 77070

CENTRAL BOAT RENTALS INC
1640 RIVER RD
BERWICK, LA 70342

CONNER & WINTERS LLP
4000 ONE WILLIAMS CENTER
TULSA, OK 74172-0148

COUGAR OIL CORPORATION
52 7 BEAULLIEU DR
LAFAYETTE, LA 70508

DOUGLAS MACGREGOR
22 Cr 727
GUNNISON, CO 82130

EATON OIL TOOLS INC
P.O. BOX 1050
BROUSSARD, LA 70518-1050

EXXONMOBIL
PO Box 4707
HOUSTON, TX 77210-4707

FRANK'S CASING CREW & RENTAL TOOLS INC
PO BOX 51729
LAFAYETTE, LA 70505-1729

GOTHIC RESOURCES, INC.
C/O AMERICAN NATURAL ENERGY CORPORATION
2512 E. 71ST ST, SUITE J
TULSA, OK 74136

GREEN FIELD ENERGY SERVICES
4 0 23 AMBASSADOR CAFFERY, SUITE 200
LAFAYETTE, LA 70503

GUICHARD OPER CO INC
PO BOX 2000
CROWLEY, LA

HILLAIR CAPITAL INVESTMENTS, L.P.
345 LORTON AVE, SUITE 303
BURLINGAME, CA 94010

INTERNAL REVENUE SERVICE
1645 S 101st E AVENUE
TULSA, OK 74128

LEEDE FINANCIAL MARKETS, INC.
SUITE 1800-1140 WEST PENDER STREET
VANCOUVER, BC V6E 4G1

LOUISIANA OIL PROPERTIES
270 PARK AVENUE, 9TH FLOOR
NEW YORK, NY 10017-2014

MICHAEL PAULK & STEVEN P. ENSZ
2512 E. 71st ST, SUITE J
TULSA, OK 74136

OLEBROOK DIRECTIONAL SERVICES
312 ERGASON RD
CLEBURNE, TX 76013


PALO VERDE ACQUISITIONS, LLC
7711 EAST 111TH STREET, SUITE 121
TULSA, OK 74133


PAR III, INC
7711 EAST 111TH STREET SOUTH, SUITE 121
TULSA, OK 74133

PARKER DRILLNG OFFSHORE USA, LLC
PO BOX 842043
DALLAS, TX 75284-2043

PETROLEUM ENGINEERS, INC.
500 DOVER BLVD, SUITE 310
LAFAYETTE, LA  70503

PLATINUM PRESSURE PUMPING
2100 W LOOP SOUTH, STE 1601
HOUSTON, TX 77027

REAMCO INCORPORATION
1149 SMEDE HWY
BROUSSARD, LA 7 0518

RICHARD MULFORD
3209 S HICKORY LN W
CHANDLER, OK 74834

RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LE
502 W 6TH ST
TULSA, OK  74119-1010

ROUSTABOUTS INC
226 ROUSTABOUT ST
HOUMA, LA 7 03 63

SUMMA ENGINEERING INC
101 PARK AVE, STE 490
OKLAHOMA CITY, OK 73102-7211

ST. CHARLES PARISH SHERIFF'S DEPARTMENT
P.O. BOX 426
HAHNVILLE, LA 70057


SECURITIES AND EXCHANGE COMMISSION
FORT WORTH REGIONAL OFFICE
BURNETT PLAZA
801 CHERRY STREET
SUITE 1900, UNIT 18
FORT WORTH, TX 76102

TCA GLOBAL MASTER FUND
19950 W COUNTRY CLUB DRIVE #101
AVENTURA, FL 33180

TERREBONNE WIRELINE SERVICES, INC.
155 PUGS COURT
HOUMA, LA 70363

TPC ENERGY LLC
PO BOX 130504
SPRING, TX 77393

TRIPOINT LLC
DEPT 381
PO BOX 4346
HOUSTON, TX 77210-4346

XPRESS SUPPLY LLC
1820 BELLE CHASSE HWY STE 107
GRETNA, LA 70056