## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-12229 |
| | * | |
| **AMERICAN NATURAL** | * | **CHAPTER 11** |
| **ENERGY CORPORATION** | * | |
| | * | **SECTION "A"** |
| DEBTOR | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF JAN M. HAYDEN AND THE LAW FIRM OF BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PC AS COUNSEL FOR THE DEBTOR

American Natural Energy Corporation (the "Debtor"), hereby submits this Application (the "Application") for Entry of Order Authorizing the Employment and Retention of Jan M. Hayden and the Law Firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker Donelson" or the "Firm") as its counsel, pursuant to 11 U.S.C. §327(a) and Federal Rule of Bankruptcy Procedure 2014(a). In support of this Application, the Debtor refers to the Affidavit of Jan M. Hayden ("Hayden Affidavit") filed in this case and further states as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of these proceedings and the Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      No trustee or examiner has been appointed in this case.

4.      Nothing herein shall be deemed to be by the Debtor as an admission or shall constitute or be construed to describe the nature of the claims herein.

## BACKGROUND

5.      C&M Contractors, Inc., REAMCO, Inc., Hillair Capital Investments, L.P., and Bayou Fuel Marine & Hardware Supplies, Inc. (collectively, "Creditors,") filed an involuntary petition against the Debtor under Chapter 11 of the Bankruptcy Code on August 31, 2015, in the United States Bankruptcy Court for the Eastern District of Louisiana.  On October 2, 2015, the Debtor filed its Consent to Entry of an Order for Relief [Docket No. 8]  and the Order for Relief was entered on October 2, 2015 [Docket No. 10].  Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a Debtor in possession.

6.      The Debtor is a Corporation organized under the laws of the State of Oklahoma.  The principal place of business of the debtor is located in Tulsa, Oklahoma. The principal assets of the debtor are located in the St. Charles, Louisiana.

7.      The Debtor is a publicly held company and as a result the equity interests are held by numerous entities.

8.      A detailed description of the Debtor's operations and the need for relief are set forth in the Declaration in Support of First Day Motions filed herein.

## DISCLOSURE CONCERNING CONFLICTS OF INTEREST

2

9.     To the best of the Debtor's knowledge, information, and belief, and based upon the

Hayden Affidavit, filed contemporaneously with this Application, Baker Donelson does not represent

any interest adverse to Debtor's estate or its creditors in connection with the Chapter 11 Case.

Moreover, to the best of the Debtor's knowledge, information, and belief, and based upon the

Hayden Affidavit, the shareholders, counsel, and associates of Baker Donelson do not have any

connection with the Debtor, its estate or any other party in interest, the U.S. Trustee for the district,

or any person employed in the office of the U.S. Trustee for the district, except as disclosed in the

Hayden Affidavit.

10.     Baker Donelson has conducted a conflicts check, through its client database,

regarding its connections with significant potential parties-in-interest[1].  A search conducted through

Baker Donelson's client database is designed to reveal any representation of, or potential conflict

with, the entity searched or any known subsidiary or affiliate.  In addition to the database search,

Baker Donelson inquired individually of each attorney by circulating a list of potential parties-in-

interest to each individual attorney.  The results of that search are disclosed as Exhibit "A" of the

Hayden Affidavit.

11.     Baker Donelson has represented the Debtor on numerous matters.  Prior to the filing

of the involuntary petition for relief, the Debtor had accrued unpaid fees in the amount of $55,677.50

 plus 9.60 in work in progress.  Baker Donelson has waived any claim it may have for these unpaid

fees.  In addition, Baker Donelson reviewed its records to determine when it last received payment

---

[1] A comprehensive list of the creditors and other parties at interest checked is attached as Exhibit "B" to
the Hayden Affidavit.

on account of any fees due it.  Baker Donelson's records reflect that the last time any payment was made was two checks, one in the amount of $93.00 and one in the amount of $118.00, both from St. Charles Parish Clerk of Court) were deposited October 9, 2014.   American Natural Energy's last payments were deposited on July 14, 2014.  There were five checks totaling $7,419.16.

12.     Neither Baker Donelson nor any shareholder of the Firm is an insider of the Debtor. Baker, Donelson has represented the Debtor in the state of Louisiana in various litigation and oil and gas matters. As noted above at the time of the filing there were unpaid fees and costs but  Baker Donelson has waived its claim,  thus neither Baker Donelson nor any shareholder at the Firm holds directly any claim or debt against the Debtor or is an equity security of the Debtor.

13.     Baker Donelson is not and has not been, within 2 years of the date of the filing of the Debtor's petition, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor.

14.     No shareholder of Baker Donelson has been, within  2 years from the date of the filing of the Debtor's petition, a director, officer, or employee of the Debtor or of an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14).

15.     Baker Donelson does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14), or for any other reason.

16.     Baker Donelson does not, and will not, represent any party other than the Debtor in connection with the Chapter 11 Case.

4

NO KML 889567 v6
2900009-000020

17.     To the best of the Debtor's knowledge and information, Baker Donelson neither holds nor represents any interest adverse to the Debtor, its creditors, or other parties-in-interest in the Chapter 11 Case, except as otherwise set forth herein and in the Hayden Affidavit.

18.     I am not related, and to the best of my knowledge, nor is any shareholder of the Firm is related, to any United States District Judge or United States Bankruptcy Judge in the Eastern District of Louisiana or any employee in the office thereof.

19.     Subject to the foregoing, Baker Donelson represents or has represented, and may represent in the future, those creditors of the Debtor listed in the Hayden Affidavit on Exhibit A, in matters wholly unrelated to this Chapter 11 case.  On information and belief, each of the foregoing entities regularly engages numerous different law firms.  With respect to each entity, Baker Donelson has been engaged for specific transactions or litigation, none of which relates to the Debtor or the Debtor's bankruptcy case.  Baker Donelson has not, does not, and will not represent the forgoing entities or any of their respective affiliates with respect to matters related to the Debtor or the Debtor's bankruptcy case.  Except as disclosed in the Hayden Affidavit, Baker Donelson does not represent any other creditors of the Debtor or any other interest adverse to the Debtor's estate.

20.     To the best of the Debtor's knowledge, Baker Donelson has no connection with the Debtor, its creditors, or any other parties-in-interest, or its respective attorneys and accountants, except as otherwise set out in the Hayden Affidavit.

21.     Based upon information available to the Debtor, the Debtor believes that Baker Donelson is a "disinterested person" within the meaning of the Bankruptcy Code.

NO KML 889567 v6
2900009-000020

## SERVICES TO BE RENDERED

22.     The Debtor has selected Baker Donelson to serve as counsel to the Debtor and to perform, as requested, the services described herein.  The Debtor believes that Baker Donelson possesses extensive knowledge in the areas of law relevant to these cases, and that Baker Donelson is well qualified to represent the Debtor as counsel in connection with the Chapter 11 Case.  In selecting its counsel, the Debtor sought counsel with experience in Chapter 11 cases and other debt restructuring scenarios.  Baker Donelson attorneys have represented debtors, official creditors' committees, and creditors in numerous Chapter 11 cases.  In addition, Baker Donelson has a broad-based practice, including expertise in the areas of bankruptcy and restructuring and corporate and commercial law and litigation, as well as other areas that may be significant in this case.  The Debtor also intends to use Baker Donelson to assist and advise it as to oil and gas legal issues in the State of Louisiana.

23.     The Debtor has selected Baker Donelson because Baker Donelson's attorneys have considerable experience in matters of this character and are qualified to represent the Debtor in its Chapter 11 case.

24.     The professional services Baker Donelson will render include the following:

a.     to provide legal advice with respect to the Debtor's powers and duties;

b.     where appropriate, attend meetings with representatives of the Debtor's creditors and other parties in interest;

c.     take all necessary action to protect and preserve the Debtor's estate, including the prosecution of action on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning litigation in which

6

the Debtor is involved, and objections to claims filed against the Debtor's estate;

d.      to prepare on behalf of the Debtor's motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estate;

e.      take any necessary action on behalf of the Debtor to obtain confirmation of a plan, and/or to liquidate the Debtor's assets;

f.      appear before this Court to protect the interests of the Debtor before this Court;

g.      perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case;

h.      advise the Debtor as to oil and gas issues and as necessary to represent the Debtor in any litigation and regulatory matters that may arise in the State of Louisiana.

25.     In the opinion of the Debtor, employing Baker Donelson for these purposes is in the best interest of the Debtor, its estate and creditors.

26.     The Debtor desires to employ Baker Donelson at Baker Donelson's regular hourly rates, as set forth in the Hayden Affidavit, and to reimburse Baker Donelson for its actual and necessary out-of-pocket expenses incurred in connection with the Debtor's case, subject to the approval of the Court upon proper application for compensation.  The Debtor believes that the hourly rates set forth in the Affidavit are fair and reasonable and are commensurate with the hourly rates Baker Donelson customarily bills to its nonbankruptcy clients.  The Debtor understands that hourly rates of attorneys at Baker Donelson for bankruptcy work range from $190 to $450, and hourly rates of paralegals range from $90 to $100.  Mr. Zuckerman's rate is $330 and he is expected to assist the Debtor as to oil and gas matters.  These rates are subject to adjustment from time to time in the ordinary course of Baker Donelson's business.  Attached to the Hayden Affidavit as Exhibit C are

7

the resumes of Jan Hayden and Edward "Hank" Arnold who are expected to act as lead counsel, and

Adam Zuckerman, who is expected to handle the oil and gas issues.

27.     Baker Donelson received a retainer from the Debtor prepetition in the total amount of

$110,000, a portion of which has been applied to pay for services rendered prior to entry of the order

for relief.  The remaining retainer, which is held in the Trust Account of Baker, Donelson, Bearman,

Caldwell & Berkowitz, is $83,519.50.   The Debtor believes that the foregoing compensation

arrangement is fair and reasonable.

28.     Pursuant to Federal Rule of Bankruptcy Procedure 6003, the Debtor submits that an

order granting the relief requested herein should be entered immediately because Baker Donelson's

services are necessary immediately in the early stages of this Chapter 11 case to avoid immediate and

irreparable harm to the Debtor's business and its estate.  In particular, without Baker Donelson's

immediate assistance, the Debtor lacks the knowledge or capacity to file or manage this proceeding

from the onset.

## RELIEF REQUESTED

29.     Based upon all of the foregoing, the Debtor believes that the employment of Baker

Donelson as counsel in connection with the Chapter 11 case would be appropriate and in the best

interest of the Debtor's estate and its creditors.

30.     The Debtor requests that Baker Donelson's retention as counsel in connection with

the Chapter 11 Case be approved *nunc pro tunc* to August 31, 2015, the date the Creditors filed a

petition for involuntary bankruptcy of the Debtor under Chapter 11 of the United States Bankruptcy

Code.

NO KML 889567 v6
2900009-000020

## NOTICE AND NO PRIOR RELIEF

31.     No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.  Notice of this Motion has been provided to the Office of the U.S. Trustee for the Eastern District of Louisiana.

32.     No previous request for the relief requested herein has been made to this Court or to any other court.

**WHEREFORE, PREMISES CONSIDERED**, the Debtor respectfully requests the Court to enter an interim order authorizing the Debtor to employ the law firm of Baker Donelson Bearman Caldwell & Berkowitz, P.C. in its Chapter 11 Case *nunc pro tunc* to August 31, 2015, and after notice and a hearing enter a final order granting such other, further, and different relief as may be just and proper.

Dated: October 2, 2015

_____

Steve P. Ensz

Chief Financial Officer

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of October, 2015, a copy of the foregoing electronically filed pleading was served via mail, facsimile, or electronic mail to all parties listed on <u>Exhibit A</u> attached hereto.

<u>/s/ Jan M. Hayden</u>
Jan M. Hayden

10

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-12229 |
| | * | |
| AMERICAN NATURAL | * | SECTION "A" |
| ENERGY CORPORATION | * | |
| | * | CHAPTER 11 |
| DEBTOR | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## AFFIDAVIT OF PROPOSED ATTORNEY AND DISCLOSURE STATEMENT

BEFORE ME, the undersigned authority duly authorized in and for the Parish of Orleans, State of Louisiana, personally came and appeared, JAN M. HAYDEN who, being duly sworn, did depose and say:

1.      I am a shareholder of Baker Donelson Bearman Caldwell & Berkowitz, P.C. ("Baker Donelson," sometimes referred to herein as the "Firm") located at 201 St. Charles Avenue, Suite 3600, New Orleans, Louisiana, 70170.  I am an attorney in good standing with the Louisiana State Bar, primarily practicing in the areas of commercial transactions and bankruptcies in the State of Louisiana.  I have been admitted to practice before the United States Bankruptcy Court for the Eastern District of Louisiana.

2.      This Affidavit is submitted in support of the application (the "Application") of American Natural Energy Corporation (the "Debtor ") for an order pursuant to

Sections 327(a) and 328(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Bank. P. 2104(a) and 2016 and 5002 authorizing my Firm's employment and retention as  counsel for the Debtor'

3.      Baker Donelson does not represent any interest adverse to Debtor's estate or its creditors in connection with the Chapter 11 Case.  Moreover, to the best of  my knowledge, information, and belief, the shareholders, counsel, and associates of Baker Donelson do not have any connection with the Debtor, its estate or any other party in interest, the U.S. Trustee for the district, or any person employed in the office of the U.S. Trustee for the district, except as disclosed herein.

Baker Donelson has conducted a conflicts check, through its client database, regarding its connections with significant potential parties-in-interest[1].  A search conducted through Baker Donelson's client database is designed to reveal any representation of, or potential conflict with, the entity searched or any known subsidiary or affiliate.  In addition to the database search, Baker Donelson inquired individually of each attorney by circulating a list of potential parties-in-interest to each individual attorney.  The results of that search are disclosed as Exhibit "A."

Baker Donelson has represented the Debtor on numerous matters.  Prior to the filing of the involuntary petition for relief, the Debtor had accrued unpaid fees in the amount of $55,677.50  plus $9.60 in work in progress.  Baker Donelson has waived any claim it may have for these unpaid fees.  In addition, Baker Donelson reviewed its records to determine when it last received payment on account of any fees due it.  Baker Donelson's records reflect that the last time any payment was made was two checks, one in the amount of $93.00 and one  in the amount of $118.00, both from St. Charles Parish Clerk of Court) were deposited October 9,

---

[1] A comprehensive list of the creditors and other parties at interest checked is attached as Exhibit "B" hereto.

2014.  American Natural Energy's last payments were deposited on July 14, 2014.  There were five checks totaling $7,419.16.

Neither Baker Donelson nor any shareholder of the Firm is an insider of the Debtor. Baker, Donelson has represented the Debtor in the state of Louisiana in various litigation and oil and gas matters. As noted above at the time of the filing there were unpaid fees and costs but Baker Donelson has waived its claim,  thus neither Baker Donelson nor any shareholder at the Firm holds directly any claim or debt against the Debtor or is an equity security of the Debtor.

Baker Donelson is not and has not been, within 2 years of the date of the filing of the Debtor's petition, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor.

No shareholder of Baker Donelson has been, within  2 years from the date of the filing of the Debtor's petition, a director, officer, or employee of the Debtor or of an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14).

Baker Donelson does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker as specified in subparagraph (B) or (C) of 11 U.S.C. § 101(14), or for any other reason.

Baker Donelson does not, and will not, represent any party other than the Debtor in connection with the Chapter 11 Case.

To the best of the Debtor's knowledge and information, Baker Donelson neither holds nor represents any interest adverse to the Debtor, its creditors, or other parties-in-interest in the Chapter 11 Case, except as otherwise set forth herein.

I am not related, and to the best of my knowledge, nor is any shareholder of the Firm is related, to any United States District Judge or United States Bankruptcy Judge in the Eastern District of Louisiana or any employee in the office thereof.

Subject to the foregoing, Baker Donelson represents or has represented, and may represent in the future, those creditors of the Debtor listed on Exhibit A, in matters wholly unrelated to this Chapter 11 case.  On information and belief, each of the foregoing entities regularly engages numerous different law firms.  With respect to each entity, Baker Donelson has been engaged for specific transactions or litigation, none of which relates to the Debtor or the Debtor's bankruptcy case.  Baker Donelson has not, does not, and will not represent the forgoing entities or any of their respective affiliates with respect to matters related to the Debtor or the Debtor's bankruptcy case.  Except as disclosed herein, Baker Donelson does not represent any other creditors of the Debtor or any other interest adverse to the Debtor's estate.

To the best of the Debtor's knowledge, Baker Donelson has no connection with the Debtor, its creditors, or any other parties-in-interest, or its respective attorneys and accountants, except as otherwise set out forth herein.

## SERVICES TO BE RENDERED

The Debtor has selected Baker Donelson to serve as counsel to the Debtor and to perform, as requested, the services described herein.  Baker Donelson possesses extensive knowledge in the areas of law relevant to these cases, and that Baker Donelson is well qualified to represent the Debtor as counsel in connection with the Chapter 11 Case.  In selecting its counsel, the Debtor sought counsel with experience in Chapter 11 cases and other debt restructuring scenarios.  Baker Donelson attorneys have represented debtors, official creditors' committees, and creditors in numerous Chapter 11 cases.   In addition, Baker Donelson has a broad-based practice, including expertise in the areas of bankruptcy and restructuring and

corporate and commercial law and litigation, as well as other areas that may be significant in this case. Baker is also qualified to assist and advise it as to oil and gas legal issues in the State of Louisiana.

The Debtor has selected Baker Donelson because Baker Donelson's attorneys have considerable experience in matters of this character and are qualified to represent the Debtor in its Chapter 11 case.

The professional services Baker Donelson will render include the following:

- to provide legal advice with respect to the Debtor's powers and duties;

- where appropriate, attend meetings with representatives of the Debtor's creditors and other parties in interest;

- take all necessary action to protect and preserve the Debtor's estate, including the prosecution of action on the Debtor's behalf, the defense of any action commenced against the Debtor, negotiations concerning litigation in which the Debtor is involved, and objections to claims filed against the Debtor's estate;

- to prepare on behalf of the Debtor's motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estate;

- take any necessary action on behalf of the Debtor to obtain confirmation of a plan, and/or to liquidate the Debtor's assets;

- appear before this Court to protect the interests of the Debtor before this Court;

- perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case;

- advise the Debtor as to oil and gas issues and as necessary to represent the Debtor in any litigation and regulatory matters that may arise in the State of Louisiana.

.

Baker Donelson has agreed to be employed and will charge the Debtor at Baker Donelson's regular hourly rates, as set forth herein. Baker Donelson shall seek reimbursement for its actual and necessary out-of-pocket expenses incurred in connection with the Debtor's case, subject to the approval of the Court upon proper application for compensation. The hourly rates set forth herein are fair and reasonable and are commensurate with the hourly rates Baker Donelson customarily bills to its non-bankruptcy clients. The hourly rates of attorneys at Baker Donelson to be employed in the engagement for bankruptcy work range from $190 to $450, and hourly rates of paralegals range from $90 to $100. Mr. Zuckerman's rate is $330 and he is expected to assist the Debtor as to oil and gas matters. These rates are subject to adjustment from time to time in the ordinary course of Baker Donelson's business. Attached here as exhibit C are the resumes of Jan Hayden and Edward "Hank" Arnold who are expected to act as lead counsel. and Adam Zuckerman, who is expected to handle the oil and gas issues.

Baker Donelson received a retainer from the Debtor prepetition in the total amount of $110,000, a portion of which has been applied to pay for services rendered prior to the entry of the order for relief. The remaining retainer, which is held in the Trust Account of Baker, Donelson, Bearman, Caldwell & Berkowitz, is $83,519.50. The foregoing compensation arrangement is fair and reasonable.


JAN M. HAYDEN


SWORN TO AND SUBSCRIBED before me
this _____ day of _____, 2015.

_____
Notary Public

## EXHIBIT A

- **Weatherford**

- **ATT**

- **FedEx**

## EXHIBIT B

ALTEC INC
619 E SECOND ST
BROUSSARD, LA 7 0518

B7B OILFIELD SERVIES., LLC
P.O. BOX 207
BROUSSARD, LA  70518

BAKER HUGHES OILFIELD OPER,  INC
2929 ALLEN PARKWAY, SUITE 2100
HOUSTON, TX 77019

BASIC ENERGY SERVICES
801 CHERRY STREET, SUITE 2100
FORT WORTH, TX  76102

BAYOU FUEL MARINE & HARDWARE
PO BOX 70
LAFITTE, LA 70067

C & M CONTRACTORS INC
4932 KENAL RD
LAFITTE, LA 70067

CDM RESOURCE MANAGEMENT LTD
20405 TOMBALL PKWY, STE 700
HOUSTON, TX 77070

CENTRAL BOAT RENTALS INC
1640 RIVER RD
BERWICK, LA 70342

CONNER & WINTERS LLP
4000 ONE WILLIAMS CENTER
TULSA, OK 74172-0148

COUGAR OIL CORPORATION
52 7 BEAULLIEU DR
LAFAYETTE, LA 70508

DOUGLAS MACGREGOR
22 Cr 727
GUNNISON, CO 82130

EATON OIL TOOLS INC
P.O. BOX 1050
BROUSSARD, LA 70518-1050

EXXONMOBIL
PO Box 4707
HOUSTON, TX 77210-4707

FRANK'S CASING CREW & RENTAL TOOLS INC
PO BOX 51729
LAFAYETTE, LA 70505-1729

GOTHIC RESOURCES, INC.
C/O AMERICAN NATURAL ENERGY CORPORATION
2512 E. 71ST  ST, SUITE J
TULSA, OK 74136

GREEN FIELD ENERGY SERVICES
4 0 23 AMBASSADOR CAFFERY, SUITE 200
LAFAYETTE, LA 70503

GUICHARD OPER CO INC
PO BOX 2000
CROWLEY, LA

HILLAIR CAPITAL INVESTMENTS, L.P.
345 LORTON AVE, SUITE 303
BURLINGAME, CA 94010

INTERNAL REVENUE SERVICE
1645 S 101st E AVENUE
TULSA, OK 74128

LEEDE FINANCIAL MARKETS, INC.
SUITE 1800-1140 WEST PENDER STREET
VANCOUVER, BC V6E 4G1

LOUISIANA OIL PROPERTIES
270 PARK AVENUE, 9TH FLOOR
NEW YORK, NY 10017-2014

MICHAEL PAULK & STEVEN P. ENSZ
2512 E. 71st ST,  SUITE  J
TULSA, OK 74136

OLEBROOK DIRECTIONAL SERVICES
312 ERGASON RD
CLEBURNE, TX 76013


PALO VERDE ACQUISITIONS, LLC
7711 EAST 111TH STREET, SUITE 121
TULSA, OK 74133


PAR III, INC
7711 EAST 111TH STREET SOUTH, SUITE 121
TULSA, OK 74133


PARKER DRILLNG OFFSHORE USA, LLC
PO BOX 842043
DALLAS, TX 75284-2043


PETROLEUM ENGINEERS, INC.
500 DOVER BLVD, SUITE 310
LAFAYETTE, LA  70503


PLATINUM PRESSURE PUMPING
2100 W LOOP SOUTH, STE 1601
HOUSTON, TX 77027


REAMCO INCORPORATION
1149 SMEDE HWY
BROUSSARD, LA 7 0518


RICHARD MULFORD
3209 S HICKORY LN W
CHANDLER, OK 74834


RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LE
502 W 6TH ST
TULSA, OK  74119-1010


ROUSTABOUTS INC
226 ROUSTABOUT ST
HOUMA, LA 7 03 63


SUMMA ENGINEERING INC
101 PARK AVE, STE 490
OKLAHOMA CITY, OK 73102-7211

ST. CHARLES PARISH  SHERIFF'S DEPARTMENT
P.O. BOX 426
HAHNVILLE, LA 70057


SECURITIES AND EXCHANGE COMMISSION
FORT WORTH REGIONAL OFFICE
BURNETT PLAZA
801 CHERRY STREET
SUITE 1900, UNIT 18
FORT WORTH, TX 76102

TCA GLOBAL MASTER FUND
19950 W COUNTRY CLUB DRIVE #101
AVENTURA, FL 33180

TERREBONNE WIRELINE SERVICES, INC.
155 PUGS COURT
HOUMA, LA 70363

TPC ENERGY LLC
PO BOX 130504
SPRING, TX 77393

TRIPOINT LLC
DEPT 381
PO BOX 4346
HOUSTON, TX 77210-4346

XPRESS SUPPLY LLC
1820 BELLE CHASSE HWY STE 107
GRETNA, LA 70056

**<u>EXHIBIT C</u>**

**BAKER DONELSON**                    EXPAND YOUR EXPECTATIONS*



## Jan M. Hayden

Shareholder
New Orleans
Phone: 504.566.8645
Fax: 504.585.6945
jhayden@bakerdonelson.com

Jan Hayden has handled bankruptcy and insolvency issues for her clients for thirty-five years. She is a shareholder in the Firm's New Orleans office and a member of the Financial Services Department. Ms. Hayden's practice is concentrated on assisting clients with restructuring and creditors' rights both in and out of bankruptcy proceedings, and she has represented creditors and debtors in mass tort bankruptcies. She represents trustees, debtors-in-possession, committees and creditors in a broad spectrum of industries that includes manufacturing, real estate, hotels, gambling, nursing homes, airlines, convenience stores and retail operations as well as individuals. Some of her more unique clients have been an alligator farm, a horse racing track and a world's fair.

Ms. Hayden has served on the Local Bankruptcy Rules Committee and two terms as the chairperson of the Consumer Protection, Lender Liability and Bankruptcy Section of the Louisiana State Bar Association. For several years she has served as co-chair of the Louisiana State Bar Association's Continuing Legal Education Committee.

**Representative Matters**

- Represented casino operators in Chapter 11 cases.
- Represented several manufacturing entities including a brewery and a boiler maker as debtors-in-possession. In one instance, represented the company as a defendant in numerous preference actions, as a critical vendor, as a member of the Unsecured Creditor's Committee and finally as debtor-in-possession in its own Chapter 11 proceeding.
- Represented various parties in the oil and gas industry since the 1980s including a wide range of oil and gas service companies and exploration companies.
- Represented both debtors and unsecured creditors' committees in a number of convenience store operator cases.
- Represented several debtors in possession in numerous apartment complex cases for complexes located in Louisiana and Texas.
- Represented debtors, creditors and equity holders in distressed hotel operations both in and out of Chapter 11 proceedings.
- Represented the trustee, creditors, equity interests in various nursing home matters, including most recently a multi-state matter pending in the Western District of Louisiana of more than 40 debtors.

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

1

www.bakerdonelson.com

BAKER DONELSON                                    EXPAND YOUR EXPECTATIONS®

- Represented the debtors-in-possession in confirming liquidating plans in the Louisiana World's Fair, Jazzland and Fairgrounds Corporation.
- Represented various purchasers of assets through 363 sales and plans of reorganization including most recently the acquisition of a world-famous restaurant in the French Quarter.

**Professional Honors & Activities**

- Fellow − American College of Bankruptcy
- Fellow − American Bar Foundation
- Recipient − Woman of the Year in Restructuring Award, International Women's Insolvency & Restructuring Confederation, 2011
- Named the *Best Lawyers* 2013 New Orleans Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law "Lawyer of the Year;" 2014 and 2012 New Orleans Bankruptcy Litigation "Lawyer of the Year;" 2010 New Orleans Bankruptcy and Creditors' Rights "Lawyer of the Year"
- Named among "Ones to Watch" by *New Orleans City Business*, 2013
- Recognized as a "Top Lawyer" by *New Orleans Magazine*, 2013
- Named among "Women of the Year" by *New Orleans City Business,* 2012
- Recipient − *New Orleans City Business* 2010 and 2015 Leadership in Law Award
- Listed in *Chambers USA: America's Leading Business Lawyers* in Bankruptcy/Restructuring since 2010
- Recipient − Louisiana State Bar Association 2009 Pro Bono Publico Award
- Since 2007 listed as one of the top 10 lawyers in Louisiana; one of the top 25 female attorneys in Louisiana; one of the top 50 attorneys in Louisiana by *Louisiana Super Lawyers*; ranked as the #1 lawyer in Louisiana, 2013
- Listed in *The Best Lawyers in America*® since 1993 in Bankruptcy Law
- Co-Chairperson − Louisiana State Bar Association CLE Committee
- Fellow − Louisiana State Bar Foundation, Member of the Grants Committee
- Chairperson − Louisiana State Bar Bankruptcy Section
- Member − Louisiana, New Orleans, American and Federal Bar Associations
- Member − American Bankruptcy Institute
- Named to Louisiana State University Hall of Fame
- Member − Board of Directors for Turnaround Management Association, New Orleans Chapter
- Member − IWIRC, Member of the Board of the Louisiana Network
- Chair − Pro Bono Project of New Orleans
- Chair − Second Harvest Food Bank of Greater New Orleans and Acadiana Board
- Member − MCLE Committee for State of Louisiana

2

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

www.bakerdonelson.com

**BAKER DONELSON**     EXPAND YOUR EXPECTATIONS°

**Publications & Speaking Engagements**

- Co-author – "New Laws, Regulations Complicate Energy Company Chapter 11s," *Journal of Corporate Renewal*, September 2015
- Speaker – "Bankruptcy for Non Bankruptcy Lawyers," Louisiana State Bar Association's (LSBA) Annual Meeting, San Destin, Florida, June 11, 2015
- Author – "Meet the New Sharif: Bankruptcy Court Jurisdiction in the Wake of Wellness International," Baker Donelson's Commercial Lender and Servicer Team blog, June 9, 2015
- Speaker – "Preparing for the Worst – What to Do When Your Debtor Declares Bankruptcy," National Oil Service and Supply Group Meeting of NACM Gulf Coast, Houston, Texas, March 20, 2015
- Speaker – "Litigations Skill Panel," ABI Consumer Bankruptcy Conference, January 2015
- Speaker – "Bankruptcy Recent Developments," Louisiana Bankers Association; Bank Counsel Conference, December 2014
- Author – "Representing Creditors in the Changing Chapter 11 Landscape," *Creditors Rights in Chapter 11*, Aspatore, 2014
- Speaker – "So You Lost Below? Don't Despair There Is Hope in the District Court and Beyond," Mississippi Bankruptcy Annual Seminar, December 2013
- Speaker – "Getting to the Front of the Line – What to Do When Your Debtor Declares Bankruptcy," webinar, August 2013
- Speaker – "Receiverships Across the Southeast," webinar, July 2013
- Speaker – "Can You Really Confirm This Plan? An Analysis of Various Plans' Provisions From Real Chapter 11 Cases," Louisiana State Bar Association, December 2012
- Speaker – "Avoiding Pitfalls in Bankruptcy: Lessons Learned," Louisiana State Bar Association, December 2012
- Co-chair with The Hon. Jeffrey Bohm and The Hon. Robert Summerhays – Fifth Circuit Bench-Bar Bankruptcy Conference sponsored by The Center for American and International Law, February 2012
- Speaker and Co-author – "Notices Issues Within Consumer and Commercial Cases," LSU Bankruptcy Law seminar, October 2011
- Speaker and Co-author – "What Is A Creditor Or Debtor to Do When Going Through the Confirmation Process?" Louisiana State Bar Association, December 2009
- Speaker and Co-author – "The View From The Ledge: Bankruptcy Practice In These Uncertain Times," Louisiana State Bar Association, June 2009
- Speaker and Co-author – "The Direct Appeal under BAPCPA: Percolate or Microwave? How Litigants and the Courts Determine if an Appeal Should Go Directly to the Circuit Court," American Bar Association, October 2007

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

www.bakerdonelson.com

BAKER DONELSON    EXPAND YOUR EXPECTATIONS*

- Speaker and Co-author − "Channeling Injunctions and Third Party Debt: Can I Skip the Bankruptcy and Still Dump the Debt?" Louisiana State Bar, September 2007
- Speaker and Co-author − "Professionalism in Bankruptcy Court - A Little More Than Quoting Emily Post?" panel discussion, Louisiana State Bar, September 2007
- Speaker − "The Art of the Workout," Louisiana Bankers Association and TMA, 2006
- Speaker − "Recent Developments in Mass Tort and Insurance Bankruptcy," ABA Spring Meeting, 2006
- Speaker and Co-author − "I Don't Do Bankruptcy, I Don't Need to Know About the New Laws...Do I?" FBA, 2005

**Admissions**

- Louisiana, 1979
- All District Courts of Louisiana
- U.S. Fifth Circuit Court of Appeals

**Education**

- Paul M. Hebert Law Center of Louisiana State University, J.D., 1979
  - − Order of the Coif and *Law Review*
- Louisiana State University, B.A., 1976

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

www.bakerdonelson.com

4

**BAKER DONELSON**   EXPAND YOUR EXPECTATIONS®



## Adam Zuckerman

Shareholder
New Orleans
Phone: 504.566.5210
Fax: 504.636.3910
azuckerman@bakerdonelson.com

Adam Zuckerman is the co-chair of the Firm's Oil & Gas Industry Service Team. He represents clients in a wide variety of complex commercial litigation matters with an emphasis on oil and gas litigation, environmental litigation arising out of oil and gas exploration and production activities, and natural gas pipeline expropriation proceedings. Mr. Zuckerman's litigation experience involves numerous aspects of the oil and gas industry. He has litigated environmental issues, royalty disputes, title and lease disputes, liens, operating agreement and other breach of contract disputes, downhole and other alleged equipment failures, and the like. Mr. Zuckerman also has extensive experience defending against personal injury lawsuits and toxic tort class action and mass action lawsuits.

Mr. Zuckerman served as Judicial Law Clerk to Chief Justice Pascal F. Calogero, Louisiana Supreme Court.

### Representative Matters

- Successfully defended oil and gas exploration and production company against claims that exposure to NORM caused plaintiff's cancer.
- Led natural gas pipeline company trial team in state and federal expropriation proceedings to acquire the necessary servitudes for the construction of multiple natural gas pipelines traversing the northern and southern regions of Louisiana.
- Successfully defended lien claim against operator under the Louisiana Oil Well Lien Act.
- Successfully defended suit involving allegedly defective natural gas flowline.
- Successfully represented oil and gas exploration and production company in multi-million dollar claim arising out of alleged breach of preferential rights in joint operating agreement.
- Successfully defended oil and gas operator against allegations of fraudulent gas balancing over several decades.
- Defeated class certification in class action arising out of release of chemical that allegedly dispersed throughout community, and successfully defended subsequent mass action with more than 5,000 plaintiffs.

### Publications & Speaking Engagements

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

www.bakerdonelson.com

1

**BAKER DONELSON** · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · EXPAND YOUR EXPECTATIONS®

- Author – "Louisiana Legacy Lawsuits Create Unknown Risks for Some E&P Companies," *Oil & Gas Financial Journal* (July 11, 2013)
- Co-author – "A Tough Road to Defend Remediation Suits in Louisiana," *The National Law Journal* (May 2013)
- Co-author – Chapter on Royalty Payments and Remedies, *Louisiana Mineral Law Treatise* (2012)
- Co-author (with Paul Colomb) – "District Court Considers Limited Liability," *Louisiana Oil and Gas Association's Industry Report* (Spring 2012)
- Speaker – "Case Law and Legislative Update," Louisiana State University's 58th Mineral Law Institute (March 2011)
- Louisiana Reporter (2010 to present), Rocky Mountain Mineral Law Foundation Quarterly Newsletter
- Co-author (with Nancy Scott Degan) – "Royalty Claims: Mineral Code Demands and Remedies," presented at Louisiana State University's 57th Mineral Law Institute (March 2010)

**Professional Honors & Activities**

- Listed in *Louisiana Super Lawyers* in Business Litigation (2014); Energy & Resources (2015)
- Listed as a top lawyer in Louisiana by *Chambers USA: America's Leading Business Lawyers* in Energy & Natural Resources: Oil & Gas (2015)
- Named to *Best Lawyers in America*® in Energy Law (2016)
- Member – Louisiana Bar Association
- Member – American Bar Association
    - Co-Chair – Programs Subcommittee, Energy Litigation Committee (2012 – 2013)
- Member – New Orleans Bar Association
    - Chair – Oil and Gas Law Committee (2012 – 2013)
- Member – Rocky Mountain Mineral Law Foundation
- Member – Louisiana Oil and Gas Association
- Executive Committee Member and Past President – St. Thomas More American Inn of Court
- Director – ricRack, Inc.
- Named – *New Orleans City Business* "Ones to Watch" (November 2013)

**Admissions**

- Louisiana, 1998
- U.S. District Courts, Eastern, Middle and Western Districts of Louisiana
- U.S. Court of Appeals for the Fifth Circuit

2

**BAKER DONELSON**     EXPAND YOUR EXPECTATIONS®

**Education**

- Loyola University School of Law, J.D., 1998
    - Editor-in-Chief – *Loyola Law Review*, 1997 – 1998
- University of Georgia, B.S., 1995

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

www.bakerdonelson.com

3

**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

## Edward Arnold



Shareholder

201 St. Charles Avenue
Suite 3600
New Orleans, Louisiana 70170

T: 504.566.5204
F: 504.636.3904

harnold@bakerdonelson.com

Edward H. "Hank" Arnold III, shareholder in the New Orleans office, concentrates his practice in the area of commercial transactions and bankruptcy. He has extensive experience in commercial transactions, including commercial finance, marine and energy finance and real property acquisitions and leases. Mr. Arnold has regularly represented secured creditors in connection with the enforcement of security interest in state and federal courts. Mr. Arnold has represented creditors, bankruptcy trustees and official committees in routine and complex matters before bankruptcy courts in Louisiana, Texas and Mississippi. He also is experienced in representing owners, shipyards and lenders in connection with the construction, financing and operation of documented vessels. Mr. Arnold has also represented developers, lenders and licensed vendors in connection with finance and regulatory matters in the gaming industry.

### Publications & Speaking Engagements

- "New Laws, Regulations Complicate Energy Company Chapter 11s," co-author, *Journal of Corporate Renewal* (September 2015)
- "Peak Oil 2015?" moderator, The Louisiana Chapter of TMA (March 18, 2015)
- "Delaware South? What You Need to Know About the New Louisiana Business Corporation Act," panelist, Baker Donelson event (February 5, 2015)
- "Remedial Action in Seven Southeastern States: Louisiana," webinar with Katie Dysart (April 2014)
- "Getting to the Front of the Line – What to Do When Your Debtor Declares Bankruptcy," webinar with Jan Hayden (August 2013)
- "Dashing to Dation - Things to Consider When Negotiating a Dation En Paiement," New Orleans Bar Association, Real Property Committee meeting (February 2012)
- "Negotiating Real Estate Loan Terms and Workout Options," NBI (September 2010)
- "Louisiana Foreclosure, Bankruptcy and Related Title Issues," NBI (2003)
- "Louisiana Purchasing Law," Lorman Education Services (1998, 1999)
- "Fifth Circuit Symposium: Bankruptcy," 40 *Loyola Law Review* 489 (1994)
- Co-author, *FIRREA Handbook* (1989)

### Professional Honors & Activities

- Board Member – Turnaround Management Association, Louisiana Chapter
- Member – American Bankruptcy Institute
- Member – Louisiana Bankers Association
- Member – Maritime Law Association
- Member – Louisiana State, American and Federal Bar Associations
- Counsel Committee Member – Louisiana Bankers Association
- Listed in *Chambers USA*: *America's Leading Business Lawyers* since 2005 as a leading lawyer in Louisiana in the area of Energy & Natural Resources: Marine Finance
- Listed in *The Best Lawyers in America*® in the areas of Equipment Finance Law (2006 – 2016), Gaming Law (2011), Bankruptcy Law (since 2011), Commercial Transactions/UCC Law (since

2012)
- Named the *Best Lawyers'* 2014 New Orleans Equipment Finance Law "Lawyer of the Year"
- Listed in *Louisiana Super Lawyers* in Bankruptcy & Creditor/Debtor Law (2013, 2014); Transportation/Maritime Law (2015)
- AV® Preeminent™ Peer Review Rated by Martindale-Hubbell
- Named to "Leadership in Law," *New Orleans CityBusiness* (2011)
- Listed in *New Orleans Magazine* as a top lawyer in New Orleans (2006, 2010, 2012)

**Admissions**
- Louisiana, 1988
- Louisiana State and Federal Courts
- U.S. District Court for the Southern District of Texas
- U.S. Fifth Circuit Court of Appeals

**Education**
- Loyola University School of Law, J.D., 1988
- Louisiana State University, B.S., 1983

## EXPAND YOUR EXPECTATIONS

© 2015 Baker, Donelson, Bearman, Caldwell & Berkowitz, PC