# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: | : NO. 15-12229 |
|  | : |
| AMERICAN NATURAL ENERGY CORPORATION, | : Chapter 11 |
|  | : |
|  | : Section "A" |
| Debtor. | |

## INTERIM ORDER

CONSIDERING the Motion for Interim and Final Orders (I) Authorizing Debtor to Obtain Post-Petition Secured Financing, (II) Granting Priming Liens and Super-Priority Claims to Post-Petition Lender, (III) Authorizing the Use of Cash Collateral and Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Approving Notice Procedures ("Motion") filed by the debtor-in-possession, American Natural Energy Corporation ("ANEC"), the hearing held on October 7, 2015, and for the oral reasons assigned:

**IT IS ORDERED** that the Motion is granted in part, as modified below;

**IT IS FURTHER ORDERED** that ANEC is authorized to immediately finalize a revolving loan in the amount up to $260,000 from Hillair Capital Investments, LP ("Hillair"), with said loan to carry a 12% non-default interest rate ("DIP Loan");

**IT IS FURTHER ORDERED** that the DIP Loan made by Hillair shall be entitled to a super-priority, priming first position rank in accordance with section 364(d)(1) of the Bankruptcy Code with respect to ANEC's leasehold interests, including but not limited to all such interests in the Bayou Couba Field, St. Charles Parish, Louisiana, inventory, receivables and cash to the extent of advances outstanding up to $260,000.  A copy of the property description is attached

NO PHW 892105 v3
2900009-000020

hereto as Exhibit B. The extent of the security interest reaches all assets of the Debtor except avoidance actions and the proceeds, if any, therefrom. Accordingly, this super-priority lien shall subordinate the mortgage and security interest of Hillair, as assignee of TCA Global Credit Master Fund, LP, on substantially all of the assets of ANEC, as well as all potential lien claims and/or judicial mortgages, if any, in favor of: (1) Bayou Fuel Marine & Hardware Supplies, Inc., (2) Parker Drilling Offshore USA, LLC, (3) Frank's Casing Crew & Rental Tools, Inc., (4) C&M Contractors, Inc., (5) Central Boat Rentals, Inc., (6) Express Supply, LLC, (7) Altec, Inc., (8) Tripoint, LLC, (9) Basic Energy Services, LP, (10) Terrebonne Wireline Services, Inc., (11) Roustabouts, Inc., (12) Baker Hughes Oilfield Operations, Inc., (13) Petroleum Engineers, Inc., (14) B & B Oilfield Services, LLC, (15) Green Field Energy Services, Inc., (16) OBES, Inc., d/b/a Olebrook Directional Services, (17) Reamco, Inc., (18) Guichard Operating Company, LLC, (19) Cougar Oil Corp, (20) Platinum Pressure Pumping, Inc., and (21) Eaton Oil Tools, Inc. Subject to a contemplated lien ranking adversary proceeding, each of the foregoing who ultimately are awarded a judgment recognizing an allowed secured or partially-secured claim shall receive post-petition replacement liens in accordance with that judgment and, in any event, a full reservation of all rights with respect to the final hearing on this Motion. Nothing in this Order, however, should be construed as a judicial determination of rank, validity or extent of a security interest in estate property;

**IT IS FURTHER ORDERED** that $100,000 of the DIP Loan is specifically authorized for the "Working Capital" expenses set forth on the Interim Budget (the "Interim Budget");

**IT IS FURTHER ORDERED** that the remaining $160,000 of the DIP Loan shall cover the "Upgrades to Vessel Containment" expenses, namely the costs of the environmental engineer

and repairs and improvements necessary to bring the vessels into compliance with applicable law, set forth in the Interim Budget;

**IT IS FURTHER ORDERED** that Hillair shall be entitled to advance an administrative loan up to the amount of the difference between the total amount set forth in the Interim Budget and the DIP Loan, (the "Supplemental Loan", and collectively with the DIP Loan, the "Loans"). These advances will also carry a 12% interest rate;

**IT IS FURTHER ORDERED** that Hillair shall be entitled to an administrative expense claim to the extent of the Loans actually advanced, plus accrued interest thereon, pursuant to section 364(c) of the Bankruptcy Code;

**IT IS FURTHER ORDERED** that the automatic stay is modified only insofar as necessary for ANEC to execute any and all loan documents and for Hillair to perfect the liens granted herein, including but not limited to the recordation of UCC financing statements;

**IT IS FURTHER ORDERED** that Hillair is a good faith lender with respect to the interim loan approved herein pursuant to section 364(e) of the Bankruptcy Code;

**IT IS FURTHER ORDERED** that ANEC is permitted to use cash collateral through the anticipated final hearing in accordance with this Order and the Interim Budget;

**IT IS FURTHER ORDERED** that the limitations placed on the protections for funds to be advanced by Hillair under this Interim Order, specifically the denial of super-priority liens and protections for the Supplemental Loan, are without prejudice to Hillair's rights to seek those additional liens and protections at the final hearing;

**IT IS FURTHER ORDERED** that the remaining terms set out in paragraph 17 of the Motion, including but not limited to events of default, default rate of interest, fees and expenses of lender, stay relief (except as expressly permitted by this Order), professional carve-out and indemnification, are not effective during the interim period, and shall all be addressed at the final hearing;

**IT IS FURTHER ORDERED** that the final hearing on the Motion shall be held on **October 23, 2015, at 10:00 a.m. Central Time** at the United States Bankruptcy Court for the Eastern District of Louisiana, 500 Poydras Street, Hale Boggs Federal Building, New Orleans, Louisiana; and

**IT IS FURTHER ORDERED** that counsel for ANEC shall serve this Order via email or by mail, to the U.S. Trustee, to counsel for Hillair, all parties identified above as holders of potential liens or judgments and upon the 20 largest unsecured creditors.

New Orleans, Louisiana, October 13, 2015.

                                      Hon. Elizabeth W. Magner
                                      U.S. Bankruptcy Judge

**American Natural Energy Corporation**

**Working Capital**

| | | | | | |
|---|---|---|---|---|---|
| Focus Exploration | | 1 month @ | 10,000 | $ | 10,000 |
| Office rent, telephone | | 1 month @ | 3,500 | $ | 3,500 |
| Other office expense | | 1 month @ | 1,500 | $ | 1,500 |
| Insurance, Liability, Workmens Comp | | | | $ | 53,907 |
| Office Payroll | | | | | |
|   Priority Wages | | | | $ | 12,475 |
| | Dick Mulford | | | $ | 12,475 |
| | Janna Cotner | | | $ | 12,475 |
| | Bob Snead | | 15,000 | $ | 15,000 |
| Salaries | Mike Paulk | 1 months @ | 15,000 | $ | 15,000 |
| | Steve Ensz | 1 months @ | 9,000 | $ | 9,000 |
| | Dick Mulford | 1 months @ | 4,500 | $ | 4,500 |
| | Janna Cotner | 1 months @ | 2,500 | $ | 2,500 |
| | Bob Snead | 1 months @ | | $ | 16,685 |
| Taxes and Insurance | | 20% of salaries above | | | |
| Field payroll | | | | $ | 12,000 |
|   Priority Wages | John Walker | | | $ | 8,000 |
| | Roy Walker | | 6,000 | $ | 6,000 |
| Salaries and dayrate | John | 1 months @ | 4,000 | $ | 4,000 |
| | Roy | 1 months @ | 2,250 | $ | 2,250 |
| | New emp. #1 | 1 months @ | 2,250 | $ | 2,250 |
| | New emp. #2 | 1 months @ | 2,250 | $ | 2,250 |
| | New emp. #3 | 1 months @ | 2,250 | $ | 2,250 |
| | New emp. #4 | 1 months @ | | | |

**SYSTEM RESTART**

| | | | | |
|---|---|---|---|---|
| Upgrades to vessel containment systems | | | $ | 10,000 |
|   Environmental engineer | | | $ | 150,000 |
|   Repairs and Improvements | | | | |
| Compression system prepay and maintenance payments | | | $ | 60,000 |
| | | | $ | - |
| Gas lift system gas purchase prepay | | | | |
| Well and disposal well maintenance | | 7,000 | $ | 110,000 |
|   109 Pull & Repair GL Valve | 2 day | 10,500 | | |
|   110 Cut Paraffin | 3 days | 10,500 | | |
|   118 Cut Paraffin | 3 day | 7,000 | | |
|   51 Pull & Repair GL Valve | 2 day | 3,500 | | |
|   109 Repair Flowline | 1 day | 3,500 | | |
|   51 Repair Gaslift Line | 1 day | 13,500 | | |
|   85 Acidize Disposal | 1 day | 7,000 | | |
|   Travel for Unit | 2 days | 10,000 | | |
| Other Well equipment | | 5,000 | | |
| Supervisory expense and travel | | 32,500 | | |
| Field operating expenses | 1 month | | | |
| | | | $ | 538,017 |

Exhibit "A"

That certain tract of land situated in Sections 12, 13 and 14, Township 15 South, Range 21 East, and Sections 7 and 18, Township 15 South, Range 22 East, St. Charles Parish, Louisiana, and more particularly described as follows:

Beginning at the Southwest corner of Section 12, Township 15 South, Range 21 East; thence North 00 degrees 12 minutes East, 3446.52 feet along the West line of Section 12 to a point for a corner;

Thence South 89 degrees 48 minutes East, 3271.85 feet to the East line of Section 12, said line being common between. Ranges 21 and 22 East; thence continue South 89 degrees 48 minutes East, 2661.75 feet to a point for a corner;

Thence South 00 degrees 12 minutes West, 2655.98 feet to the South line of Section 7; thence continue South 00 degrees 12 minutes West, 5311.96 feet to a point for a corner, said point being on the South line of Section 18, Township 15 South, Range 22 East;

Thence North 89 degrees 48 minutes West, 2661.72 feet along the South line of Section '18, to the Southwest corner of said Section 18;

Thence South 76 degrees 37 minutes West, 3366.00 feet along the South line of Section 13, Township 15 South, Range 21 East, to the Southwest corner of said Section 13;

Thence North 89 degrees 43 minutes 44 seconds West, 1992.09 feet along the South line of Section 14 to a point for a corner;

Thence North 00 degrees 12 minutes East, 3403.61 feet to a point for a corner;

Thence South 89 degrees 43 minutes 44 seconds East, 867.09 feet to a point for a corner;

Thence North 00 degrees 12 minutes East, 1908.35 feet to a point for a corner, said point being on the North line of Section 14;

Exhibit "B"

Thence South 89 degrees 43 minutes 44 seconds East, 1125.00 feet along the North line of said Section 14 to the place of beginning of this description, said tract of land containing 1,319.991 acres;