## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-12229 |
| | * | |
| AMERICAN NATURAL | * | CHAPTER 11 |
| ENERGY CORPORATION | * | |
| | * | SECTION "A" |
| DEBTOR | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**INTERIM ORDER PROHIBITING (I) PROHIBITING UTILITY SERVICES FROM ALTERING SERVICE ON ACCOUNT OR PRE-PETITION INVOICE, (II) DETERMINING THE ADEQUACY OF ASSURANCE OF PAYMENT FOR FUTURE SERVICE FROM UTILITIES, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE**

Upon considering the Debtor's Motion for (I) Prohibiting Utility Services From Altering Service On Account Or Pre-Petition Invoice, (II) Determining The Adequacy Of Assurance Of Payment For Future Service From Utilities, And (III) Establishing Procedures For Determining Requests For Additional Assurance (the "Motion");

**IT IS ORDERED** that the Motion be and is hereby granted, and that:

(i) Absent any further order of this Court, the Utilities, including but not limited to those listed on **Exhibit A** in the Motion filed, which is incorporated herein by reference, may not alter, refuse, or discontinue service to, or discriminate against the Debtor.

(ii) The Debtor is authorized to pay the Utilities a cash deposit equal to thirty days' average billing based on the Debtor's average monthly consumption of utility services from the respective Utilities during the past one year as adequate assurance under Section 366(c). Such

deposit constitutes "adequate assurance of payment" to the Utilities as that term is used in Section 366 on an interim basis.

(iii) Any Utility that wishes to request adequate assurance in addition to that provided for in this Order must file a request for a determination of adequate assurance with this Court in accordance with Section 366(c)(3) within thirty (30) days of the date of entry of this Order. Any Utility that fails to object to the adequate assurance provided in this Order within that time is deemed to have consented to the adequate assurance provided in this Order.

(iv) The relief granted herein is for all Utilities providing utility services to the Debtor and is not limited to those listed on the list of Utilities attached as **Exhibit A** to the Motion. The Debtor is authorized to supplement, as necessary, **Exhibit A**. This Order shall apply to any Utility that is subsequently added to **Exhibit A**. In the event the Debtor learns of an additional Utility not listed on **Exhibit A**, that Debtor shall serve a copy of the Motion and this Order on any subsequently added Utility, and such Utility shall have thirty (30) days from the date of service of the Motion and this Order to make a request for additional adequate assurance in accordance with the terms of this Order.

(v) The Debtor shall serve a copy of this Order upon each of the Utilities by first class mail within five (5) business days after the date of the entry of this Order.

(vi) Nothing in this Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to Section 365.

**IT IS FURTHER ORDERED** that counsel shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBRs and file a certificate of service to that effect within three (3) days.

## EXHIBIT A

| Utility Name/Address | Account # |
|---|---|
| AT&T<br>PO Box 105414<br>Atlanta, GA  30348-5414 | 281 367 5588 035 8<br>504 390 9055 |
| Cox Communications<br>11811 E 51st Street<br>Tulsa, OK 74146 | 186-0000000-00 |

New Orleans, Louisiana, October 13, 2015.

                                              Hon. Elizabeth W. Magner
                                              U.S. Bankruptcy Judge