**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 15-12229 |
| | * | |
| AMERICAN NATURAL | * | CHAPTER 11 |
| ENERGY CORPORATION | * | |
| | * | SECTION "A" |
| DEBTOR | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR AN ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b)
AUTHORIZING THE EMPLOYMENT AND RETENTION OF NORTHPOINT
ENERGY PARTNERS, LLC AS CHIEF RESTRUCTURING OFFICER
FOR THE DEBTORS IN POSSESSION NUNC PRO TUNC**

American Natural Energy Corporation, debtors-in-possession in the above-referenced chapter 11 cases (the "Debtor") files this *Debtor's Motion for Entry of an Order Pursuant to 11 U.S.C. §§105(a) and 363(b) Authorizing the Employment and Retention of Northpoint Energy Partners, LLC as Chief Restructuring Officer for the Debtors in Possession Nunc Pro Tunc* (the "Application"). In support of its Application, the Debtor relies upon the Declaration of Andrew Reckles in Support of the Debtors' Application for Entry of an Order Pursuant to 11 U.S.C. §§105(a) and 363(b) Authorizing the Employment and Retention of Northpoint as Chief Restructuring Officer for the Debtor in Possession *nunc pro tunc* to October 2, 2015, the date that the Order for relief was entered (the "Reckles Declaration"), which is attached hereto as Exhibit A. In further support of the Application, the Debtor respectfully represents as follows:

**Background**

1.      On August 31, 2015 (the "Petition Date"), four petitioning creditors filed an involuntary petition for relief (the "Petition") (P-1) under chapter 11 of Title 11 of the United

1

States Code ("Bankruptcy Code") against ANEC. After obtaining a consensual extension of time to answer the Petition, ANEC filed its voluntary conversion to a debtor in possession case on October 2, 2015. No committee has been appointed in this chapter 11 case (the "Case"). Further, no trustee or examiner has been requested or appointed in this Case. Debtor continues to manage and operate its business as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.      Debtor is an Oklahoma corporation engaged in the acquisition, development, exploitation and production of oil and natural gas.

3.      Debtor holds mineral interests in approximately 1,320 acres of land in St. Charles Parish, Louisiana. This acreage is the Bayou Couba leases in which Debtor holds a 97.25% working interest in the leasehold and 97.25% working interest in all but seven producing wells.

## Jurisdiction

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1408.

## Relief Requested

5.      The Debtor requests entry of an order ratifying the employment and retention of Andrew Reckles and James Schroeder of Northpoint Energy Partners, LLC ("Northpoint") as their chief restructuring officer ("CRO") in accordance with the terms and conditions set forth in the engagement letter between the Debtor and Northpoint dated as of September 30, 2015 (the "Engagement Letter"), attached hereto as Exhibit B.

**Basis for Relief**

6. The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. The Debtor seeks approval of the employment and retention of Northpoint as its CRO in this Chapter 11 Case, effective as of October 2, 2015. The Debtors seek to engage Northpoint as an independent contractor of the Debtor and not as an employee.

8. The retention of interim corporate officers is proper under section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in relevant part, that the Debtor, "[...] after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate [...]" 11 U.S.C. § 363(b)(1).

9. Under applicable case law, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. See, e.g., *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring an "articulated business justification"); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, the court defers to the trustee's judgment so long as there is a "legitimate business justification"); *In re Del. & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)). Courts have applied the section 363(b) standard when a debtor employs one or more individuals to serve as restructuring officers or managers. See *In re Tokheim Corp.*, Case No. 02-13437 (RJN) (Bankr. D. Del. Feb. 25, 2003).

NO PHW 891923 v3
2900009-000020

10. The retention of interim corporate officers and other temporary employees, therefore, is proper under Section 363 of the Bankruptcy Code. Courts have authorized retention of officers utilizing this provision of the Bankruptcy Code on numerous occasions. See, e.g., *In re Dune Energy, Inc.*, Case No. 15-10336 (Bankr. W.D. Tex.) [Dkt. No. 138]; *In re Pilgrims Pride Corporation*, Case No. 08-45664 (Bankr. N.D.Tex. 2013) [Dkt No. 825]; *In re Mirant Corporation, et al.*, Case No. 03-46590 (Bankr. N.D.Tex. 2006) [Dkt No. 999]; *In re Dippin' Dots Inc.*, Case No. 11-51077 (Bankr. W.D. Ky. 2011); *In re BI-LO LLC*, Case No. 09-02140 (Bankr. D.S.C. 2009).

11. Because the Debtor's business is a complex enterprise with many interested constituencies of varied interests, it is reasonable for the Debtors to seek to employ Northpoint to serve as their CRO on the terms and conditions set forth herein and in the Engagement Letter. Further, the appointment of a CRO is a condition of the DIP Credit Agreement and the Interim DIP Order. The DIP Lender has approved of Northpoint as the CRO.

12. The retention of Northpoint is a sound exercise of the Debtors' business judgment. Northpoint has extensive experience as senior officers and as advisors for many troubled companies. The Debtors believe that the CRO will provide services that benefit the Debtors' estates and creditors. In light of the foregoing, the Debtor believes that retention of Northpoint is appropriate and in the best interests of the Debtor and its creditors.

**A.  Qualifications and Scope of the Engagement**

13. The Debtor seeks to retain Northpoint based on its extensive experience and knowledge in turnaround management, crisis management, performance improvement, financial restructuring, interim management, wind-down management, asset management, fiduciary services, and financial advisory services. Northpoint has extensive experience advising

companies and serving in interim management roles in industries ranging from aerospace and manufacturing to engineering and the energy industry. Specifically, Northpoint has significant experience advising energy industry companies in restructurings.

14. Accordingly, the Debtor believes the retention of Northpoint as its CRO is in the best interest of the Debtor's estate because such retention will further the efficient and economic administration of this Chapter 11 Case.

15. The contact information for Northpoint is:

Northpoint Energy Partners, LLC
555 Northpoint Center East
Alpharetta, GA 30022
Attn: Andrew Reckles

16. In consideration of the complexity of its business, as well as the exigencies of the circumstances, the Debtor has determined that the services of an experienced CRO will substantially enhance its attempts to maximize the value of its estate.  The CRO will primarily assist the Debtor in: (i) reviewing and assessing the Debtor's financial information, including without limitation financial information that has been, and that will be, provided by the Debtor to its creditors, and including without limitation short and long-term projected cash flows; (ii) assisting in asset sales and the identification of cost reduction and operational improvement opportunities; (iii) developing possible restructuring plans or strategic alternatives for maximizing the enterprise value of the Debtor and the Debtor's business; (iv) serving as the principal contact with the Debtor's creditors with respect to financial and operational matters, and regularly meeting with the Debtor's secured lenders; (v) managing the Professionals retained by the Debtor; (vi) performing such other services in connection with the Chapter 11 Case as requested or directed by the Debtor; (vii) consulting and obtaining input from the appropriate members of Debtor's senior management; and (viii) complying with the reporting process

required by the budget, the debtor-in-possession credit agreement and the Bankruptcy Code. In addition, to ensure the independence of the CRO in fulfilling his fiduciary duties, the CRO will give notice to the Debtor's board of directors of any matter determined by the board with which the CRO disagrees and raise any issue with the Court that in the CRO's discretion ought to be raised with the Court. The CRO's assistance will allow the Debtor to focus on the day-to-day operations going forward and pursue the marketing and sale of its assets. The non-exclusive services described above are essential to the Debtor's successful reorganization.

17. Northpoint is being retained to serve as CRO and in no other capacity.

18. Neither Mr. Reckles nor Mr. Schroeder have ever served on the board of the Debtor.

**B. Compensation**

19. As compensation for the CRO's services, Debtor prior to entry of the order for relief paid (a) a non-refundable retainer of $25,000 upon execution of the engagement letter, and the agreement provides that (b) a non-refundable consulting fee of $25,000 will be payable on each successive monthly anniversary date during the term of the Engagement Letter. The Engagement also provides that the CRO shall receive a fee of $50,000 upon confirmation of a plan or sale of substantially all of the assets ("Success Fee"). The award of the Success Fee shall be subject to this Court's approval at the end of the case to determine if the fees are reasonable.

20. It is Northpoint's policy to charge its clients for all reasonable expenses incurred directly relating to any work undertaken as Debtor's CRO. Such reasonable expenses include but are not limited to: travel, lodging, meals, equipment and vehicle rental, clerical supplies and services, and telephone, fax, and photocopying charges.

### C. Indemnification

21. As more fully described in the Engagement Letter, the Debtor seeks authority to indemnify Northpoint to the fullest extent lawful, except when any claims or losses are due to Northpoint's bad faith, willful misconduct or gross negligence.

### D. Bankruptcy Rule 2014 Disclosures

22. Although the Debtor is not seeking to retain Northpoint pursuant to section 327, the Debtor is including with this Application the Reckles Declaration which includes the information required under Rule 2014 for professionals retained pursuant to section 327. To the best of the Debtor's knowledge, information, and belief, Northpoint has no connection with the Debtor's creditors, parties-in-interest, or affiliates, the U.S. Trustee, or any person employed in the Office of the United States Trustee, except as may be set forth in the Reckles Declaration.

23. To the best of the Debtor's knowledge and as disclosed herein and in the Reckles Declaration, (a) Northpoint is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) Northpoint has no connection to the Debtor, its creditors, or their related parties except as may be disclosed in the Reckles Declaration.

24. For the reasons set forth above, the Debtor submits that Northpoint's retention and employment is necessary and in the best interests of the Debtor and its estate.

**WHEREFORE**, the Debtor respectfully requests entry of an order authorizing the retention of Northpoint pursuant to 11 U.S.C. §§ 105(a) and 363(b).

NO PHW 891923 v3
2900009-000020

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: */s/ Jan M. Hayden*
JAN M. HAYDEN (6672)
PATRICK H. WILLIS (36088)
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEY FOR AMERICAN NATURAL ENERGY CORPORATION**